COLLOTON, Circuit Judge,
with whom BENTON, Circuit Judge, joins, concurring in the judgment.
As this case comes to us, MikLin Enterprises, Inc., does not challenge the standard applied by the National Labor Relations Board to determine whether concerted activities of an employee are so disloyal as to lose protection under Section 7 of the National Labor Relations Act. The company’s position, rather, is that the Board’s decision applying its standard in this case was unsupported by substantial evidence. I conclude that Mik-Lin’s argument has merit and therefore concur in the judgment.
The Board has interpreted the Act to mean that employee communications to third parties are unprotected by the Act if they are “flagrantly disloyal, wholly incommensurate with any grievance which [the employees] might have.” Valley Hosp. Med. Ctr., 351 N.L.R.B. 1250, 1260 (2007) (quotation omitted). According to the Board, “[t]o lose the Act’s protection as an act of disloyalty, an employee’s public criticism of an employer must evidence a malicious motive.” Id. at 1252 (internal quotation omitted). The Board has explained that disparaging comments are unprotected when they are “calculated to alienate the public’s patronage as a tactic to increase the employees’ leverage in [a] labor dispute.” Richboro Cmty. Mental Health Council, 242 N.L.R.B. 1267, 1268 (1979). In this case, the Board concluded that “[w]hile the employees may have anticipated that some members of the public might choose not to patronize [MikLin’s] restaurants after reading the posters or press release, there is no evidence that their purpose was to inflict harm on [MikLin], or that they acted recklessly without regard for the economic detriment to [Mik-Lin’s] business.” MikLin Enters., Inc., 361 N.L.R.B. No. 27, at *7 (2014).
In my view, the Board’s conclusion blinks reality. The employees obviously intended to harm MikLin’s business: “[T]he main thrust of the contaminated-sandwich posters is to shock the public and create a generalized fear that consuming MikLin’s sandwiches will cause illness.” Id. at *12 (Johnson, M., dissenting in part). The majority opinion explains why the evidence compels a conclusion that the employees acted with malicious motive. The employees intentionally “cho[se] March as a ‘good time’ to launch their attack ‘because it was flu season.’ ” Ante, at 825. The posters, press release, and open letter included materially false and misleading statements implying that sandwich makers were working while sick in violation of the state health code. Id. at 825. “From the array of possible tactics, the employees selected public communications that were sure to harm [MikLin’s] reputation and reduce its income.” Id. (internal quotation omitted). *830 The “[ejmployees’ conscious decision to scare MikLin customers during flu season was strong evidence of their intent to disparage MikLin ‘at a critical time.’ ” Id. at 825 n.5 (emphasis added).
The substantial evidence standard of review affords the Board leeway in choosing between two fairly conflicting views of the evidence, but there are limits. See Endicott Interconnect Techs., Inc. v. NLRB, 453 F.3d 532, 537 (D.C. Cir. 2006). The record here allows only one reasonable conclusion — that the MikLin employees acted with malicious motive in a manner that was flagrantly disloyal, wholly incommensurate with any grievance. In the Board’s words from Richboro, the disparagement included in the posters and press release plainly was “calculated to alienate the public’s patronage as a tactic to increase the employees’ leverage in the labor dispute.” 242 N.L.R.B. at 1268.1 therefore concur in the judgment granting enforcement of the Board’s Decision and Order, but declining to enforce paragraphs 4, 5, and 6 of the Amended Conclusions of Law and paragraphs 1(d), 1(e), and 2(a)-(g) of the Order. Although I do not join Part II of the majority opinion, I agree with Part III concerning other issues raised in the petition for review.